UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ARLENE J. RIDDLE, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 1:12-CV-51 RLM |
| CITY OF FORT WAYNE, OFFICER BOB ELMER, and OFFICER JOHN DOE, | ) | |
| Defendants | ) | |

## OPINION and ORDER

Arlene Riddle alleges in her complaint filed pursuant to 42 U.S.C. § 1983 that in February 2010 Officers Bob Elmer and John Doe of the Fort Wayne Police Department used excessive and unreasonable force against her and unreasonably seized and falsely arrested her in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. The City of Fort Wayne has moved for summary judgment on Ms. Riddle's claims against defendant John Doe, and on her claims that the City had a custom, policy, or practice that resulted in her injuries and that the City failed to properly train its police officers. Having reviewed the parties' submissions, the court concludes that the City's motion must be granted.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, 477 U.S. at 255. The existence of an alleged factual dispute, by itself, will not defeat a summary judgment motion; "instead, the nonmovant must present definite, competent evidence in rebuttal," Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004), and "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." Hemsworth v. Quotesmith.com, Inc., 476 F.3d 487, 490 (7th Cir. 2007); *see also* FED. R. CIV. P. 56(e)(2). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009); *see also* Steen v. Myers, 486 F.3d 1017, 1022 (7th Cir. 2007) ("summary judgment is 'not a dress rehearsal or practice run; it is the put

up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'" *(quoting* Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005)).

CLAIMS AGAINST JOHN DOE

Ms. Riddle alleges in her complaint that Officer John Doe subjected her to excessive force during the February 2010 incident at issue when "he stood by and failed to intervene to protect [her] from [Officer] Elmer's excessive and unreasonable force, in spite of having a meaningful opportunity to intervene." Compl., ¶ 14. Ms. Riddle stated in her complaint that she didn't know the true name of Officer Doe, but would learn his identity through discovery.

The City says Officer Doe is entitled to judgment on Ms. Riddle's claims because she hasn't amended her complaint to identify any officer(s) other than Officer Bob Elmer and the statute of limitations has expired on her personal injury claim. In response, Ms. Riddle claims the City's motion "is moot and need never have been filed because the only purported beneficiary of the motion would be individuals who were never a party to the lawsuit, *i.e.* 'John Does.'" Resp., at 1.

Indiana's two-year statute of limitations governs Ms. Riddle's personal injury claims. *See* King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 913 (7th Cir. 2000) (noting that the statute of limitations for § 1983 actions is determined by the statute of limitations for personal injury actions in the state where the accident occurred). Ms. Riddle says the actions of which she complains

3

took place on February 1 or 2, 2010, *see* Compl., ¶¶ 3, 4, 5; the defendants say her Section 1983 claims accrued on February 1, 2010, *see* Defts. Memo., at 4 n.1. Ms. Riddle filed her original complaint in the Allen Superior Court on January 9, 2010 and hasn't amended her complaint to identify the John Doe defendant. As Ms. Riddle notes, merely naming John Does as defendants doesn't preserve any claims against unnamed defendants, *see* Dodson v. Leevenhagen, No. 3:11-CV-391, 2011 WL 5858816, at *2 (N.D. Ind. Nov. 21, 2011) ("As for Officer John Doe, . . . 'it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15.'") (*quoting* Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997)), so summary judgment is proper as to any claim(s) Ms. Riddle was attempting to assert against unnamed Officer John Doe.

CLAIMS AGAINST THE CITY OF FORT WAYNE

Ms. Riddle has alleged that "the City, by its Chief of Police, had constitutionally inadequate and/or defective policies, practices, procedures, or customs in effect that resulted in the defendant officers' violation of [her] federally protected rights via excessive and unreasonable force and false arrest/unreasonable seizure," Compl., ¶ 3, and that the City "failed to adequately train the individually named defendants . . . causing [her] to be subjected to excessive force, false arrest and unreasonable seizure." Compl., ¶ 4. Ms. Riddle concludes in her complaint that her injuries resulted from the City's

4

"constitutionally defective policies, practices, procedures and customs, and/or the failure to adequately train the defendants, regarding the use of force against, and interventions with, individuals suspected to experiencing medical or psychiatric crisis." Compl., ¶ 17. The City has moved for summary judgment on Ms. Riddle's claims.

*Policies, Practices, Procedures, and Customs*

A municipality may be liable under § 1983 for a constitutional violation caused by "(1) an express municipal policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by a municipal agent with final policymaking authority." Milestone v. City of Monroe, Wis., 665 F.3d 774, 780 (7th Cir. 2011). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Department of Social Servs. of the City of New York, 436 U.S. 658, 694 (1978); *see also* Lewis v. City of Chicago, 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (*quoting* Fairley v. Fermaint, 482 F.3d 897, 904 (7th Cir. 2007))).

The City maintains Ms. Riddle can't establish municipal liability based on any official policy or custom. In support, the City sets forth the affidavit of Dottie Davis, Deputy Chief of the Fort Wayne Police Department, who says the department has formal, written policies regarding the use of force, seizures, and arrests by its officers. A copy of the department's "Firearms/Use of Force Policy" is attached to Ms. Davis's affidavit as Exhibit B, and its policy for "Arrest, Search, Seizure" is attached as Exhibit C. Ms. Riddle hasn't challenged those written policies or pointed to any express policy of the City of Fort Wayne that she believes to be constitutionally deficient. *See* Thomas v. Cook Cnty. Sheriff's Dep't, 604 F.3d 293, 303 (7th Cir. 2010) ("To demonstrate that the County is liable for a harmful custom or practice, the plaintiff must show that County policymakers were 'deliberately indifferent as to [the] known or obvious consequences.'" (*quoting* Gable v. City of Chicago, 296 F.3d 531, 537 (7th Cir. 2002))).

The City next says Ms. Riddle can't demonstrate any widespread unwritten custom or practice that led to a violation of her rights. To establish such a municipal policy or custom, Ms. Riddle "must allege a specific pattern or series of incidents that support the general allegation of a custom or policy." Hollins v. City of Milwaukee, 574 F.3d 822, 827 (7th Cir. 2009). "If the same problem has arisen many times and the municipality has acquiesced in the outcome, it is possible (though not necessary) to infer there is a policy at work." Valentino v. Village of South Chicago Heights, 575 F.3d 664, 675 (7th Cir. 2009) (citations omitted). Ms. Riddle hasn't carried her burden in this regard. The sole allegation in her

6

complaint that the City "had constitutionally inadequate and/or defective policies, practices, procedures, or customs" that caused her injuries, Compl., ¶ 3, is insufficient to establish a widespread practice or pervasive pattern of conduct by the City of Fort Wayne "that is so permanent and well settled as to constitute a custom or usage with the force of law." Wragg v. Village of Thornton, 604 F.3d 464, 467 (7th Cir. 2010).

Lastly, the City says Ms. Riddle hasn't asserted that a deliberate act by a policymaker of the City of Fort Wayne resulted in the constitutional violations of which she complains. "It is well established that when a particular course of action is directed by those who set municipal policy, the municipality is responsible under section 1983, even if the action in question is undertaken only once." Valentino v. Village of South Chicago Heights, 575 F.3d 664, 675 (7th Cir. 2009). "Helpful in determining whether an official is a final decisionmaker is an inquiry into (1) whether the official is constrained by policies of other officials or legislative bodies; (2) whether the official's decision on the issue in question is subject to meaningful review; and (3) whether the policy decision purportedly made by the official is within the realm of the official's grant of authority." Valentino v. Village of South Chicago Heights, 575 F.3d 664, 676 (7th Cir. 2009) (internal quotations omitted). While Ms. Riddle alleges in her complaint that "the City, by its Chief of Police, had constitutionally inadequate and/or defective policies, practices, procedures, or customs," Compl., ¶ 3, she hasn't alleged, argued, or pointed to evidence to support a finding that the Chief of Police was

delegated with final policymaking authority for the City of Fort Wayne or that he caused the constitutional deprivation of which she complains.

Ms. Riddle hasn't challenged the arguments or evidence presented by the City and hasn't presented or pointed to evidence that raises a genuine issue of material fact on her claim that the City of Fort Wayne could be liable under § 1983 for implementing or maintaining an unconstitutional practice or custom. The City is entitled to summary judgment.

*Failure to Train*

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." <u>City of Canton, OH v. Harris</u>, 489 U.S. 378, 388 (1989). Deliberate indifference on the part of policymakers exists "when such indifference may be considered a municipal policy or custom. . . . This may arise in either of two circumstances. First, a municipality acts with deliberate indifference when, 'in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights,' that the deficiency exhibits deliberate indifference on the part of municipal policymakers. . . . Alternatively, [a court] may find deliberate indifference when a repeated pattern of constitutional violations makes 'the need for further training . . . plainly

8

obvious to the city policymakers.'" Jenkins v. Bartlett, 487 F.3d 482, 492 (7th Cir. 2007) (*quoting* City of Canton v. Harris, 489 U.S. at 389, 390)).

The City says the Fort Wayne Police Department maintains a written policy and conducts training of its officers relating to situations where mental health issues are involved, as evidenced by the affidavit statement of Deputy Chief Dottie Davis and the department's "Crisis Intervention Team Protocol," attached to Ms. Davis's affidavit as Exhibit D. Ms. Riddle hasn't challenged the City's evidence or carried her burden of presenting or pointing out contrary evidence showing that the City's failure to train reflects a "deliberate" or "conscious" choice by the City of Fort Wayne to act with "deliberate indifference to the rights of the individuals with whom [its] employees will interact." Rice ex rel. Rice v. Correctional Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). The City is entitled to summary judgment on her failure to train claim.

*Conclusion*

Based on the foregoing, the court GRANTS the motion of the City of Fort Wayne for partial summary judgment [docket # 17] on Arlene Riddle's claims against Officer John Doe, her claims relating to the policies, practices, procedures, and customs of the City of Fort Wayne, and her claims of failure to train by the City of Fort Wayne. Ms. Riddle's claims against Officer Bob Elmer remain set for pretrial conference on May 13, 2013 in South Bend and for jury trial scheduled to commence at 9:30 a.m. on May 28, 2013 in Fort Wayne.

SO ORDERED.

ENTERED:   April 19, 2013

>   /s/ Robert L. Miller, Jr.
> Judge, United States District Court